



IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

Lidia M. Orrego

*(Write the full name of each plaintiff who is filing this
complaint. If the names of all the plaintiffs cannot fit in
the space above, please write "see attached" in the space
and attach an additional page with the full list of names.)*

-against-

Pasternack Tilker Ziegler Walsh Stanton &
Romano LLP, Pasternack Tilker Weitz &
Luxenberg LLP, First Choice Evaluations LLC,
Jason Hochfelder MD, John Doe, Jane Doe

*(Write the full name of each defendant who is being sued.
If the names of all the defendants cannot fit in the space
above, please write "see attached" in the space and
attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **CV 23 - 6507**

*(to be filled in by the Clerk's Office)*

Jury Trial:     ☒ Yes ☐ No
(check one)

**AZRACK, J.**

**SHIELDS, M.J.**

2

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Lidia M. Orrego |
| Street Address | 95-08 Queens Blvd. 3E |
| City and County | Rego Park, Queens |
| State and Zip | New York, 11374 |
| Code Telephone | (347) 453-2234 |
| Number E-mail | liorrego@gmail.com |
| Address |  |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | Pasternack Tilker Ziegler Walsh Stanton LLC |
| Job or Title (if known) |  |
| Street Address | 118-35 Queens Blvd Suite 1725 |
| City and County | Forest Hills, Queens |
| State and Zip Code | NY 11375 |
| Telephone Number | (347) 926-7104 |
| E-mail Address (if known) |  |

3

**Defendant No. 2**

| | |
|---|---|
| Name | Pasternack Tilker Weitz & Luxenberg LLP |
| Job or Title (if known) | |
| Street Address | 118-35 Queens Blvd Suite 1725 |
| City and County | Forest Hills, Queens |
| State and Zip Code | NY 11375 |
| Telephone Number | (347) 926-7104 |
| E-mail Address (if known) | |

**Defendant No. 3**

| | |
|---|---|
| Name | First Choice Evaluations LLC |
| Job or Title (if known) | |
| Street Address | 2875 Union Road, Suite 8 |
| City and County | Cheektowaga, Erie |
| State and Zip Code | NY 14227 |
| Telephone Number | (800) 807-5831 |
| E-mail Address (if known) | scheduling@firstchoiceevaluations.com |

**Defendant No. 4**

| | |
|---|---|
| Name | Jason Hochfelder MD |
| Job or Title (if known) | |
| Street Address | 2875 Union Road, Suite 8 |
| City and County | Cheektowaga, Erie |
| State and Zip Code | NY 14227 |
| Telephone Number | (800) 807-5831 |
| E-mail Address (if known) | scheduling@firstchoiceevaluations.com |

**Defendant No. 5**

| | |
|---|---|
| Name | John Doe |

**Defendant No. 6**

| | |
|---|---|
| Name | Jane Doe |

4

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.   **If the Basis for Jurisdiction Is a Federal Question**
List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Violation of Civil RICO (Racketeer Influenced and Corrupt Organizations) Act statute 18 U.S.C. 1964 not only provides criminal penalties for racketeering charges but civil remedies as well. Forms of RICO violations in this case include but are not limited to Fraud, Obstruction of Justice, False Statements and Writings, Conspiracy to Commit Filing False Documents, Statements and Writings, Perjury, and Tampering witnesses.

B.   **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.   The Plaintiff(s)

a.   If the plaintiff is an individual
The plaintiff, *(name)* _____, is a citizen of the State of
*(name)* _____.

b.   If the plaintiff is a corporation
The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)*
_____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

5

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

  See attached Page 9.- _____

IV.     **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

RICO provides that `[a]ny person injured in his business or property by reason of a RICO violation may bring **a civil action to recover treble damages** according to the agreement with Enterprise signed on September 5, 2019.

**Plaintiff prays judgment against the Defendants:**

a. Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits he would have expected to earn during her entire lifetime had it not been for Defendant's racketeering activity in Plaintiff's Workers Compensation case G-2584330, currently pending in the Appellate Division Third Department;

b. Awarding general damages to the Plaintiff to make her whole for any losses suffered as a result of such unlawful criminal practices in Plaintiff's Workers Compensation case G-2584330, pending in the Appellate Division Third Department Docket 535740;

c. Awarding Plaintiff compensatory damages for mental and emotional distress, pain, and suffering as well as injury to her reputation in an amount to be proven at trial;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution of the action;

f. Awarding all relief, remedies, and damages available to Plaintiff under the law; and

g. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy the Defendants' unlawful or criminal practices.

V.      **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

7

A.     **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: <u>August 31</u>, 20<u>23</u>.

Signature of Plaintiff         _____

Printed Name of Plaintiff      <u>Lidia M. Orrego</u>

8

### III.   Statement of Claim – Material Facts

1) Lidia M. Orrego ("Plaintiff or Claimant"), respectfully the present legal action against Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Pasternack Tilker Weitz & Luxenberg LLP (collectively "Enterprise"),  First Choice Evaluations LLC ("Entity"), Jason Hochfelder MD ("Independent Medical Examination "IME" doctor or Dr. Hochfelder"), John Doe, Jane Doe (collectively "Defendants") under Civil RICO Act statute 18 U.S.C. 1964 (c).

2) The Defendants, as well as others not named as defendants, unlawfully conspired and participated in a criminal enterprise in New York, New Jersey, and elsewhere.

3) The Defendants and other members and associates of the enterprise had connections and relationships with one another and with the enterprise. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise. The enterprise operated in Queens, New York, elsewhere in the State of New York, and other states, including, but not limited to, the State of New Jersey.

4) The enterprise operated for a period of time sufficient to permit its members and associates to pursue its objectives.

5) Members of the enterprise, including several of the Defendants, filed false documents, made false statements to the Workers Compensation Board case G2584330, and committed perjury in judicial proceedings in Queens, New York, and elsewhere in furtherance of and to cover up the conspiracy from September 2019 to August 2021.

6) Enterprise constitutes a criminal organization whose members and associates engaged in various related criminal, unlawful, or illegal activities. As part of and on behalf of the criminal enterprise detailed above, the Defendants and other members and associates of the enterprise committed overt acts to effect the objectives of the enterprise, including but not limited to Fraud, Obstruction of Justice, False Statements and Writings, Conspiracy, Conspiracy to Commit Filing False Documents, Statements and Writings, Perjury, and Tampering with witnesses from September 2019 to August 2021.

7) The members and associates of the Enterprise who committed the racketeering activities include but are not limited to Erika Gonzalez, Edgar Romano Esq., Victor Pasternack Esq., Stefanie Cantero, Corina Jimenez, Mariana Vizuete (paralegal), Ginu Jacob Esq., Rochelle Jean-Baptiste Esq., Sam Cohen Esq., Joseph Mercurio Esq., Crystal Stewart Clarke Esq., Michael Furey Esq., Lewis Heller Esq., Andrew Ziemianski Esq., Matthew Funk Esq.

8) The members and associates of the Enterprise committed the racketeering activities with the other Defendants who are First Choice Evaluations LLC ("Entity"), Jason Hochfelder MD ("Independent Medical Examination "'IME" doctor or Dr. Hochfelder"), John Doe, Jane Doe from September 2019 and continue into the future.

9) The Defendants' racketeering activities started in September 2019 but continuing into the future because the Plaintiff is currently in the Appellate Division Third Department Docket # 535740 Caption "Matter of Lidia Orrego v. Kevin and Stephanieanna Knipfing, New York Marine & General Insurance Company, Workers Compensation Board".

10) Plaintiff's appeal came from the original court of Workers Compensation Board case G2584330 Caption "Lidia M. Orrego v Kevin and Stephanieanna Knipfing."

11) Defendants' racketeering activities will continue to affect the future since the Defendants have ruined Plaintiff's reputation and treatment of her Occupational Disease under the Workers Compensation Board. Plaintiff lost her benefits and suffered irreversible damages.

12) Plaintiff will release the documentary evidence at the Discovery Stage, including but not limited to emails, recordings with transcriptions, letters, court proceedings recordings with transcriptions, and transcripts of depositions for the Trial.

13) The manner, facts, and methods used by the Defendants and other members and associates of the enterprise to further the goals of the enterprise and to achieve its purposes included, but were not limited to, the following:

14) September 5, 2019: Plaintiff meets with Enterprise at 118-35 Queens Blvd. Suite 950, Forest Hills, NY 11375, signed the agreement and retainer to represent her at the Worker Compensation Board ("WCB") case G-2584330. Plaintiff also signed the Health Insurance Portability and Accountability Act ("HIPAA") Form for the doctors who were treating her and gave the Enterprise a "copy of the entire medical records" of each provider listed in her initial C-3 form years 2018-2019 dated September 3, 2019: Katy Murdakhayeva - Physical Therapy, Moisey Delman MD – PCP, Vladimir Morgovsky, MD – PCP, Elmhurst Hospital, NYU Langone Radiology. Plaintiff will release plenty of additional documentary evidence at the Discovery Stage. See annexed Exhibit 1, P. 19-34.

15) On September 19, 2019, the Claimant's WC provider, Richard Seldes MD, Orthopedic, through the results of the MRIs, questionnaires, physical evaluations, and employment history, issued a diagnosis determined **prima facie evidence**. Plaintiff will release the documentary evidence at the Discovery Stage.

10

16) On September 20, 2019, the Enterprise filed at WCB case G-2584330:

a) Form OC-400 Notice of Retainer and Appearance dated September 5, 2019 signed for Mr. Edgar N. Romano Esq., contains the affirmation pursuant to the provisions 12NYCRR Section 300.37 (d) (1) and 300.38 (d) (1) & (2) that "medical reports from treating doctors" supporting the present claim are in Claimant's possession, custody or control" evidentiary support for further investigation or discovery.

b) September 5, 2019: Enterprise made Plaintiff sign an Amended Employee Claim C-3, signed by Victor Pasternack Esq. (Enterprise), but is legible Parts A, B, C, E, F. Regarding the Part D: illegible item 6, but more legible item 5 are the lesions of the initial claim only with the difference of including PTSD. See annexed Exhibit 2, P. 35.

17) October 22, 2019: Enterprise filed a "Pre-hearing conference statement (PH-16.2)" in which Item 6) did not list all "medical reports from treating doctors" supporting the present claim in the Claimant's possession, custody, or control" evidentiary support for further investigation or discovery" that the Plaintiff sent to Enterprise according to the Notice of Retainer and Appearance. See annexed Exhibit 3, P. 36-38.

18) Enterprise's PH-16.2 form is the foundation and confirmation of the Enterprise's revealed planned racketeering activities Conspiracy and Obstruction of Justice since the Enterprise omitted in items 4, 5 & 6 the Plaintiff's lay witnesses, medical witnesses and records to facilitate that the Entity & IME doctor Jason Hochfelder MD to produce freely False Statements and Writings, Conspiracy to Commit Filing False Documents, Statements and Writings, Perjury committing Fraud and Obstruction of Justice. See annexed Exhibit 3, P. 36-38.

19) Enterprise's racketeering activity is confirmed when the PH-16.2 form item 6 shows the only "Medical Witnesses" that the Enterprise will cross-examine is the IME doctor despite the Plaintiff sending all the medical records and providers 2018-2019 to prove her case: 1) Katy Murdakhayeva - Physical Therapy,  2) Moisey Delman MD, 3) Vladimir Morgovsky, MD, 4) Elmhurst Hospital, 5) NYU Langone Radiology (X-rays dated November 5, 2018)—obstruction of Justice and Conspiracy. Plaintiff will release additional documentary evidence at the Discovery Stage. See annexed Exhibit 3, P. 36-38.

20) October 31, 2019: Hearing Reporter "Pre-Hearing Conference," Workers Compensation Law Judge ("WCLJ") Barry Greenberg established the Plaintiff's case based on medical evidence, MRIs, and evaluations from the Plaintiff's WC providers. Plaintiff will release the documentary evidence at the Discovery Stage.

11

21) Notice of Decision filed on November 5, 2019: WCLJ Barry Greenberg's decision stated from the pre-conference hearing: "I find prima facie medical evidence for the neck, back right wrist, both knees, and major depressive disorder. The Claimant is alleging an occupational disease claim, not an accident claim. The Claimant to produce C-3 reflecting current claim. The claimant was present but was not prepared to prosecute the claim." WCLJ Greenberg requests the second Amended change in the nature of the injuries as an Occupational Disease Claim supported by medical evidence such as MRIs, medical evaluations, employment history, etc., filed by the Plaintiff providers. Plaintiff will release the documentary evidence at the Discovery Stage.

22) Enterprise's associate was Ms. Ginu Jacob Esq., who never filed the Plaintiff's medical records from her medical providers through personal/employer health insurance period 2018-2019 to establish her WCB case G2584330. Plaintiff will release the documentary evidence, including but not limited to all e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

23) April 24, 2020, Claim Letter – WCB case G2584330 from New York Marine & General Insurance Company's counsel regarding the HIPAA forms released by the Plaintiff to the Enterprise on September 5, 2019. Enterprise's Obstruction of Justice. Plaintiff will release the documentary evidence of all e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

24) Hearing Minutes June 23, 2020: WCLJ Greenberg compelled the Plaintiff to rerelease the HIPAA forms, but Enterprise never filed the HIPAA forms that were in their "possession, custody or control" since September 5, 2019-Enterprise's Obstruction of Justice. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial. See annexed Exhibit 4, P. 39.

25) On June 23, 2020, Enterprise sent the HIPAA Forms for all her providers 2018-2019 to WCB case G-2584330. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial. See annexed Exhibit 4, P. 39.

26) Enterprise's associate, Mr. Sam Cohen Esq. filed the list of providers years 2018-2019 listed in her initial C-3 form dated September 3, 2019: 1) Katy Murdakhayeva - Physical Therapy, 2) Moisey Delman MD, 3) Vladimir Morgovsky, MD, 4) Elmhurst Hospital, 5) NYU Langone Radiology (X-rays dated November 5, 2018), after the last physical assault referral by Vladimir Morgovsky) but NOT her medical records-Enterprise's Obstruction of Justice. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

27) June 26, 2020: WCLJ Barry Greenberg issued a "Notice of Decision" in violation of the Board procedure was helping the Respondents to delay the case in conspiracy with the "Enterprise" because WCLJ Greenberg "invited" the Respondents to conduct the IME expired after the 8-month of the Respondents' deadline according to the Pre-Hearing Conference Statement filed on September 27, 2019, by the Enterprise—Evidence of racketeering activity at the Board. Plaintiff will release the documentary evidence at the Discovery Stage for the Trial.

28) June 26, 2020: Enterprise allowed only issued two Subpoenas of five (5) Plaintiff's medical providers period 2018-2019 committing Conspiracy to commit Fraud and Obstruction of Justice. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

29) On September 28, 2020, Enterprise conspired to commit Filing False Documents, Statements, and Writings by allowing the claim administrator at WCB case G2584330, the company Cannon Cochran Mgt. Svcs. Inc. ("CCMSI") from Neptune, State of New Jersey, filed the "Notice of IME" form IME-5 (5-18) Claimant Notice of IME under Section 137 WCL after nine (9) months the deadline to request the IME has expired (see form EPH-16.2 "Pre-Hearing Conference Statement." Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

30) Enterprise actively participated in racketeering activity against their Plaintiff as a client. CCMSI intentionally omitted the Claimant's apartment number, "3E," so she would not attend the IME. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

31) October 14, 2020: First Choice Evaluations LLC ("Entity") & IME doctor Jason Hochfelder MD performed at 42-23 Francis Lewis Blvd Suite 201, Bayside, NY 11361, Plaintiff's examination according to the Notice item 29). See annexed Exhibit 5, P. 40-50.

32) October 21, 2020: Enterprise conspired to commit Filing False Documents, Statements, and Writings by allowing First Choice Evaluations LLC ("Entity") & IME to report Jason Hochfelder, MD, committed perjury and racketeering activity by making a false 20-minute report regarding the Plaintiff's examination dated October 14, 2020. See Exhibit 5, P. 40-50.

33) Plaintiff recorded the "examination" in front of a witness, Ms. Celeste Bueno (interpreter from the Board), and the entire examination length was only 5 minutes and 3 seconds. Dr. Hochfelder (IME) did not measure or review the Plaintiff's medical or employment history to

support his "opinion" that it was not independent. Instead, Dr. Hochfelder (IME) made a "Defense Medical Examination" report to deny the Plaintiff benefits with the Enterprise to help him file False Documents, Statements, and Writings and committed perjury. See annexed Exhibit 5, P. 40-50.

34) First Choice Evaluations LLC ("Entity") & IME doctor Dr. Jason Hochfelder's report was not based on the Plaintiff's complete medical record since 2018. The report begins with the medical report by Jeffrey S. Rosner MD, Chiropractor, dated September 7, 2019, through September 30, 2020, of all Plaintiff's providers but only for WC, not her providers from private insurance. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial. See Exhibit 5,  P. 40-50.

35) Enterprise help to First Choice Evaluations LLC ("Entity") & Dr. Hochfelder excluded Plaintiff's medical records filed in the case from 2018 of Moises Delman MD, Vladimir Morgovsky, Elmhurst Hospital, and NYU Langone Radiology. Claimant's medical records from Katy Murdakhayeva - Physical Therapy were concealed by Enterprise as part of the "agenda" to destroy the Plaintiff's credibility and reputation. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial. See annexed Exhibits 1 - 5, P. 19-50.

36) October 25, 2020, **Plaintiff sent a letter and the recording to the Enterprise** with the fraud and perjury report from Entity & Dr. Hochfelder that instead of making a complete examination as "Independent" according to New York State Law ("NYSL") what he did was "frame" the request of his employer the Carrier, New York Marine & General Insurance Company, to deny the treatment of the Plaintiff with the Enterprise racketeering activities. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial. See annexed Exhibits 1 - 5, P. 19-50.

37) The recording and transcription of 5 minutes 3 seconds show that Dr. Hochfelder was not interested in collecting medical information since May 2018, when the Plaintiff's illness or occupational disease began, nor the hours of work without rest during his employment, nor the details of his duties to give an "opinion " professional.  Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

38) Hearing Minutes October 28, 2020, WCLJ Barry Greenberg, the Enterprise associate's Sam Cohen Esq., according to the hearing transcription, never mentioned or destroyed the Entity & IME's credibility with the Plaintiff's recordings delivered on October 25, 2020. Irrefutable

14

evidence shows the Enterprise's racketeering activity to destroy Plaintiff's reputation and credibility. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

39) Form EF-16.1P, filed October 28, 2020, and Notice of Decision by WCLJ Barry Greenberg dated November 2, 2020, issued the subpoenas that the opposite counsel determined to introduce in the case of the Plaintiff's medical experts instead of the Enterprise. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

40) Enterprise allowed the opposite counsel in the WC case G-2584330, who decided to call the provider on behalf of the Plaintiff (Enterprise's client) and request a second send those notes for an Addendum to IME Dr. Jason Hochfelder. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

41) Enterprise did not object to any non-medical evidence or add Plaintiff's medical providers because the outcome was a set-up from the beginning to make the case disallowed, and they were all conspiring towards the same goal. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

42) Enterprise was not working for the Plaintiff; instead, they committed racketeering activities to ruin Plaintiff's good name and reputation and the WCB case G2584330, committing commission Obstruction of Justice, Deprivation of medical attention, treatment, and benefits due to Occupational Disease. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

43) November 10, 2020: Plaintiff filed the complaint against IME Dr. Jason Hochfelder with the NYS Department of Health, Case No. NY-20-11-6505A: Office of Professional Medical Conduct, the investigation is active. Plaintiff will release the documentary evidence at the Discovery Stage for the Trial.

44) December 22, 2020: IME Addendum ordered by opposite counsel in the WCB G2584330, the IME Doctor Hochfelder filed an Addendum about the Plaintiff's provider's notes from June 2018. Dr. Hochfelder did not change his initial "opinion" based on a fraud that Plaintiff's injuries were not an occupational disease related to her employment. Plaintiff will release the documentary evidence at the Discovery Stage for the Trial.

45) Enterprise continued the racketeering activities and participated in protecting IME doctor from committing perjury, filing Fraud, Obstruction of Justice, False Statements and

Writings, Conspiracy, Conspiracy to Commit Filing False Documents, Statements and Writings. Enterprise never filed the note or recording to destroy the IME reputation dated October 25, 2020. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

46) January 4, 2021: Deposition of Jason Hochfelder – MD (License 2013): The transcript of the deposition shows that Dr. Hochfelder's "opinion" is a fraud, inaccurate, and lacks foundation in medical evidence, without proof of how he constructed his "opinion." Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

47) IME - Dr. Hochfelder again lied under penalty of perjury that he had performed a 20-minute examination when the recording shows it was only 5 minutes and 3 seconds that all the measurements and what happened in the examination on October 14, 2020, were falsified by Dr. Hochfelder. See Claimant's letter dated October 25, 2020, to her counsel regarding IME Jason Hochfelder's fraud and perjury under Federal RICO Act & CPLR 2106. See Exhibit 6, P. 51-69.

48) Enterprise committed racketeering activity by tampering with the witness, Dr. Hochfelder, by never confronting him with the recordings provided by Plaintiff. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

49) Enterprise's outrageous racketeering activity "highlights as a positive that the "IME report speaks for itself"—outrageous criminal activity conspiracy to tamper with the witness of IME Dr. Hochfelder.  Plaintiff will release the IME's deposition at the Discovery Stage for the Trial. See annexed Exhibit 6, P. 51-69.

50) January 8, 2021: Plaintiff sent the Enterprise a copy of the IME's transcripts of the examination performed on October 14, 2020, proof that  First Choice Evaluations LLC ("Entity") & Dr. Hochfelder filed Fraud, False Statements, and Writings, Conspiracy, Conspiracy to Commit Filing False Documents, Statements and Writings and Perjury with the conspiracy of the Enterprise. See annexed Exhibit 6, P. 51-69.

51) January 2021: Enterprise's conspiracy allowed Plaintiff's Workers Compensation providers to be attacked in their credibility and honesty. Plaintiff will release her providers' transcripts depositions at the Discovery Stage for the Trial.

52) March 5, 2021: WCLJ Barry Greenberg's decision: "DECISION: Claim is disallowed. The claimant's testimony that she was injured in the course of her employment was not credible.

16

The Carrier's IME doctor's opinion that the Claimant did not seem to have had an injury resulting from work activity **was more credible** than the opinions of the Claimant's doctors. Her claim seems to have been an afterthought related to other issues involving her employment." See annexed Exhibit 7, P. 70.

53) Plaintiff filed plenty of evidence that destroyed the credibility of the Entity & IME doctor with medical and documentary evidence, but Enterprise actively participated in the racketeering activity to ruin the Plaintiff's WC case. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

54) Enterprise conspired to Obstruct Justice and concealed the evidence, recording, and transcripts of the Entity and IME doctor Hochfelder. See annexed Exhibits 5 - 6, P. 40-69.

55) April 9, 2021: Form RB-89 (Application for Board Review) was filed by Enterprise's associate Andrew Ziemianski Esq., without referring at all to the fraud and perjury of the Entity & IME doctor Jason Hochfelder. Enterprise's conspiracy to disallow their Client-Plaintiff's case is outrageous and sickening. See annexed Exhibits 5 - 6, P. 40-69.

56) Enterprise's conspiracy again protected the fraud of the Entity & IME doctor Jason Hochfelder, protected the Entity and IME Doctor's Fraud, False Statements and Writings, Conspiracy to Commit Filing False Documents, Statements and Writings, Perjury and Tampering with Witness. See annexed Exhibits 5 - 6, P. 40-69.

57) June 16, 2021: EBRB-1 (Memorandum of Board Panel Decision) the Board Panel's Mr. Steve A. Crain, Ms. Freida Foster, and Mr. Mark R. Stasko issued an outrageous decision, affirming the WCLJ Greenberg decision that IME doctor Hochfelder's perjury and false statement more credible than the Plaintiff's medical records. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

58) June 17, 2021: A letter from Enterprise's associate, Andrew Ziemianski Esq., confirmed that Enterprise has abandoned the WCB case G2584330 after actively participating in the racketeering activities with the Entity and IME Dr. Hochfelder. Plaintiff will release the documentary evidence from September 2019 at the Discovery Stage for the Trial.

59) June 22, 23 & 24, 2021: Plaintiff emailed the Enterprise with all the evidence that shows the racketeering activities in her Workers Compensation Case G-2584330. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

17

60) June 24, 2021: Enterprise's associate Matthew Funk Esq. sent Plaintiff a letter confirming that Enterprise never filed all the medical evidence in her Workers Compensation Case G-2584330. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial.

61) July 9, 2021: Notice of Appeal filed by Plaintiff at Third Department after confirmed the Enterprise racketeering activity in her WCB case G-2584330. Plaintiff will release the documentary evidence of all the e-mails and letters to the Enterprise at the Discovery Stage for the Trial. Enterprise's conspiracy allowed Plaintiff's Workers Compensation providers to be attacked in their credibility and honesty. Plaintiff will release her providers' transcripts depositions at the Discovery Stage for the Trial.

62) July 28, 2021: Letter from State of New York Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Plaintiff filed the complaint against the Enterprise File No. K-908-21. See annexed Exhibit 8, P. 71.

63) The Grievance Committee responded that the issues raised by the Plaintiff are more appropriate for resolution by a Court. In plain language, the Plaintiff must file a civil lawsuit for racketeering activity in Federal action and State Court under New York State Law.

64) September 8, 2021: Plaintiff filed her Affidavit New Evidence, the list of documents concealed by Enterprise. Plaintiff will release the documentary evidence at Discovery.

65) December 14, 2022: Recording and transcript of a phone conversation with Enterprise associate Matthew Funk Esq., who refused to help the Plaintiff in her Appeal at the Appellate Division Third Department docket 535740. Plaintiff will release the transcription at the Discovery Stage for the Trial.

66) December 21, 2022: Plaintiff filed her appeal at Appellate Division Third Department Docket 535740 (NYSCEF) with **1.507 pages** of plenty of evidence against the Enterprise, Entity, and IME Dr. Hochfelder. Plaintiff will release Docket 535740 at the Discovery Stage for the Trial.

**Conclusion:** Defendants have worked together for a common illegal interest to secure the denial of Plaintiff's WCB No. G2584330, through criminal activity between New York and New Jersey, through Enterprise's agreement dated September 5, 2019, and that would continue to damage her in the future, confirms the Plaintiff's complaint has merit according to the evidence.

Date of signing: <u>August 31, 2023.</u>
Signature of Plaintiff
Printed Name of Plaintiff          <u>Lidia M. Orrego</u>

18